Sepulveda v. USA                    CV-95-55-SD    05/06/98

UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


David Sepulveda


     v.                                    Civil No. 95-55-SD


United States of America


                            O R D E R


     The pro se petitioner, David Sepulveda, moves the court to

extend nunc pro tunc[1] his time for the filing of an appeal.

Document 4.  The appeal which he seeks is from the January 6,

1997, order of this court which rejected an earlier petition

seeking to vacate, set aside, or correct sentence pursuant to 28

U.S.C. § 2255.[2]  Document 2.

_____

     [1]"Nunc pro tunc" signifies "now for then"; i.e., a thing now
done which shall have the same legal force and effect as if done
at the time when it ought to have been done.  BLACK'S LAW DICTIONARY
1069 (6th ed. West 1990).

     [2]28 U.S.C. § 2255 provides in relevant part:

          A prisoner in custody under sentence of a
          court established by Act of Congress claiming
          the right to be released upon the ground that
          the sentence was imposed in violation of the
          Constitution or laws of the United States, or
          that the court was without jurisdiction to
          impose such sentence, or that the sentence
          was in excess of the maximum authorized by
          law, or is otherwise subject to collateral
          attack, may move the court which imposed the
          sentence to vacate, set aside or correct the
          sentence.

## 1.  Background

Petitioner was indicted with several others in a case charging participation in a drug trafficking conspiracy.  His conviction following jury trial was affirmed on direct appeal. United States v. Sepulveda, 15 F.3d 1161 (1st Cir. 1993), cert. denied, 512 U.S. 1223 (1994).  He grounded his challenge pursuant to section 2255 on alleged error in a jury instruction concerning his participation in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848.[3]

Sepulveda claims that prior to the issuance of this court's order on his section 2255 petition, he retained and paid Attorney Charles Flower to handle further proceedings in the matter.  He further contends that Flower was instructed to timely file a notice of appeal from the court's order, and that in subsequent telephone communications Flower advised petitioner that Flower had in fact filed a notice of appeal and was writing the appellate brief.

No such notice of appeal was ever filed in this court, and petitioner alleges that he has further discovered that Flower has been suspended from his practice by order of the New Hampshire Supreme Court.[4]  Petitioner contends, invoking Rule 60(b)(6),

---

[3]The section 2255 petition was filed on February 1, 1995, a date prior to, and thus avoiding, the strictures imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

[4]The court notes that as of December 4, 1997, the New Hampshire Supreme Court issued an order to Flower to show cause why he should not be suspended from practice and that Flower was in fact suspended by orders of that court issued on December 12, 1997, and April 6, 1998.  NEW HAMPSHIRE BAR NEWS, May 6, 1998, at 31

2

Fed. R. Civ. P.,[5] that these circumstances warrant an extension of his time for filing an appeal from this court's order.

2. Discussion

As the federal government is a party in a section 2255 case, the period for filing the notice of appeal is 60 days from entry of the order disposing of the petition. Rule 4(a)(1), Fed. R. App. P.;[6] Lopez-Nieves v. United States, 917 F.2d 645, 647 (1st Cir. 1990). This 60-day time limit is "mandatory and jurisdictional." Browder v. Director, Ill. Dep't of Corrections, 434 U.S. 257, 264 (1978).

The time for appeal may be extended by the district court for excusable neglect or good cause provided that a motion seeking such extension is filed not later than 30 days after expiration of the original appellate time limit. Rule 4(a)(5),

_____

(Order No. LD 97-020).

[5]Rule 60(b)(6), Fed. R. Civ. P., provides, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reason: . . . (6) any other reason justifying relief from the operation of the judgment."

[6]Rule 4(a)(1) provides in relevant part,

> Except as provided in paragraph (a)(4) of this Rule, in a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 must be filed with the clerk of the district court . . . if the United States or an officer or agency thereof is a party . . . within 60 days after such entry [of the judgment or order appealed from].

3

Fed. R. App. P.;[7] 20 MOORE'S FEDERAL PRACTICE § 304.14[2][c], at 304-58 (3d ed. Matthew Bender 1997). And where, as is here the case, the motion is filed after expiration of the time to appeal, notice must be given to the other parties to the action. Id.[8]

In the circumstances of this case, petitioner was originally required to file his notice of appeal not later than March 7, 1997. Any motion for extension should, in turn, have been filed not later than April 6, 1997.[9]

Moreover, petitioner's reliance on Rule 60(b)(6), Fed. R. Civ. P., to extend his appellate rights is without merit, as the instant case does not present one of the "rare instances where the application of that rule is warranted." 12 MOORE'S FEDERAL PRACTICE § 60.48[6][b], at 60-185-86 (1997).

---

[7]Rule 4(a)(5), Fed. R. App. P., provides,

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

[8]The motion before the court contains no certification of service upon the government.

[9]The instant motion was actually filed in April 1998, nearly one year after the prescribed deadline.

4

Accordingly, while the court is not unsympathetic to the plight of petitioner brought about by the misconduct of his attorney, it is the well-established rule "that the acts or omissions of counsel are visited upon the client." United States v. One Lot of $25,721.00 in Currency, 938 F.2d 1417, 1422 (1st Cir. 1991) (citing, inter alia, Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962)).

## 3. Conclusion

As hereinabove outlined, the court lacks jurisdiction to permit the late filing of a notice of appeal in this action, and accordingly the motion seeking such relief must be and it is herewith denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

May 6, 1998

cc:   David Sepulveda, pro se

5